UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WILLIAM A. VAN CROFT, IV,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    No. 5:21-cv-5259 |
| MICHAEL M. MONSOUR, *et al.*,<br>    Defendants. | :<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                                February 1, 2022
**United States District Judge**

**I.   INTRODUCTION**

On November 24, 2021, Plaintiff Michael A. Van Croft, IV filed this pro se civil action against Defendants without paying the filing fee or otherwise filing an application to proceed *in forma pauperis*. In an Order dated December 9, 2021, this Court provided Van Croft with thirty days to either pay the filing fee or apply to proceed *in forma pauperis*. As of the date of this Opinion, no fee nor application has been received.

After balancing of the *Poulis*[1] factors set forth below, Van Croft's Complaint is dismissed without prejudice for failure to prosecute.

**II.   LEGAL STANDARD**

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

---

[1]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

### III. ANALYSIS

The first *Poulis* factor weighs in favor of dismissal because, as a pro se litigant, Van Croft is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor weighs in favor of dismissal because Van Croft's failure to pay the fee or apply to proceed *in forma pauperis* frustrates and delays the resolution of this case. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction"). Despite the instructions in the Pro Se Guidelines, *see* ECF No. 2, as well as this Court's Order dated December 9, 2021, *see* ECF No. 3,Van Croft has failed to pay the fee or otherwise apply to proceed i*n forma pauperis*. Without either action, this case cannot move forward.

As to the third factor, Van Croft has engaged in a history of dilatoriness. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). Van Croft filed this action over two months ago, and despite multiple reminders from the Court, he has failed to comply with his financial obligations for the entirety of that period.

Regarding the fourth factor, because this Court has no explanation for Van Croft's dilatoriness, it is unable to determine whether the conduct is in bad faith. This factor is therefore neutral.

Fifth, monetary sanctions are not an appropriate alternative to dismissal because Van Croft has failed to pay the filing fee or apply to proceed *in forma pauperis*. To the extent that Van Croft would have filed to proceed *in forma pauperis*, monetary sanctions would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

The final factor, the merit of the claims at issue, weighs neutrally. From the sparse allegations in Van Croft's pro se Complaint, it is difficult to tell what claims he intends to bring. Accordingly, there is no way of adjudicating the merits of these claims at this time. Therefore, this factor is weighed neutrally.

## IV.   CONCLUSION

After weighing all the *Poulis* factors, this Court dismisses Van Croft's Complaint without prejudice for failure to prosecute. This matter is now closed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge